IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANACOR PHARMACEUTICALS, INC. and PF PRISM IMB B.V., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. _____ ) |
| TEVA PHARMACEUTICALS DEVELOPMENT, INC., TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICAL INDUSTRIES LTD. | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiffs Anacor Pharmaceuticals, Inc. ("Anacor") and PF PRISM IMB B.V. (collectively, "Plaintiffs"), by their undersigned attorneys, for their Complaint for patent infringement against Defendants Teva Pharmaceuticals Development, Inc. ("Teva Development"), Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva Pharmaceutical Industries Ltd. ("Teva Industries") (collectively "Teva" or "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, arising from Teva's submission of Abbreviated New Drug Application ("ANDA") No. 215914 to the United States Food and Drug Administration ("FDA"), seeking approval to market a generic version of Anacor's EUCRISA® (crisaborole) ointment, 2% prior to the expiration of U.S. Patent No. 8,168,614 ("the '614 patent"), U.S. Patent No. 8,501,712 ("the '712 patent"), and U.S. Patent No. 9,682,092 ("the '092 patent"). The '614 patent, the '712 patent, and the '092 patent are referred to collectively in this Complaint as "the patents-in-suit."

## THE PARTIES

2.  Plaintiff Anacor is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 235 East 42nd Street, New York, NY 10017.

3.  Plaintiff PF PRISM IMB B.V. is a private limited liability company (*besloten venootschap*) organized under the laws of the Netherlands, having its registered seat in Rotterdam, the Netherlands, and having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJessel, the Netherlands.

4.  Upon information and belief, Defendant Teva Development is a company organized and existing under the laws of the State of Delaware, having a principal place of business at 400 Interpace Parkway, Suite A1, Parsippany, NJ 07054.

5.  Upon information and belief, Defendant Teva USA is a company organized and existing under the laws of the State of Delaware, having a principal place of business at 400 Interpace Parkway, Suite A1, Parsippany, NJ 07054.

6.  Upon information and belief, Defendant Teva Industries is a company organized and existing under the laws of Israel, having a principal place of business at 5 Basel Street, Petach Tikva, 49131, Israel.

7.  Upon information and belief, Teva Development is a wholly-owned subsidiary of Teva Industries.

8.  Upon information and belief, Teva Development submitted a name change to "Teva Pharmaceuticals, Inc." to the Delaware Division of corporations on June 23, 2021.

9.  Upon information and belief, Teva USA is a wholly-owned subsidiary of Teva Industries.

10. Upon information and belief, Teva Development and Teva USA are generic pharmaceutical companies that, in coordination with each other and Teva Industries, or at the

direction of Teva Industries, develop, manufacture, market and distribute generic pharmaceutical products for sale in the State of Delaware and throughout the United States.

## THE PATENTS-IN-SUIT

11. On May 1, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '614 patent, entitled "Boron-Containing Small Molecules as Anti-Inflammatory Agents." A copy of the '614 patent is attached to this Complaint as Exhibit A.

12. Anacor is the owner and assignee of the '614 patent.

13. PF PRISM IMB B.V. is the exclusive licensee of the '614 patent.

14. On August 6, 2013, the USPTO duly and legally issued the '712 patent, entitled "Boron-Containing Small Molecules as Anti-Inflammatory Agents." A copy of the '712 patent is attached to this Complaint as Exhibit B.

15. Anacor is the owner and assignee of the '712 patent.

16. PF PRISM IMB B.V. is the exclusive licensee of the '712 patent.

17. On June 20, 2017, the USPTO duly and legally issued the '092 patent, entitled "Boron-Containing Small Molecules as Anti-Inflammatory Agents." A copy of the '092 patent is attached to this Complaint as Exhibit C.

18. Anacor is the owner and assignee of the '092 patent.

19. PF PRISM IMB B.V. is the exclusive licensee of the '092 patent.

## EUCRISA®

20. Anacor holds approved New Drug Application No. 207695 for the use of crisaborole ointment, 2% (trade name EUCRISA®) for topical treatment of mild to moderate atopic dermatitis in adult and pediatric patients 3 months of age and older.

21. Pursuant to 21 U.S.C. § 355(c)(2), and attendant FDA regulations, the patents-in-suit are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to EUCRISA®.

**TEVA'S ANDA**

22. Upon information and belief, Teva Development prepared and submitted ANDA No. 215914 ("Teva's ANDA") to the FDA in accordance with 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, or sale of crisaborole ointment, 2% ("Teva's ANDA Product") before the expiration of the patents-in-suit.

23. Upon information and belief, Teva Development acted in concert with Teva USA and Teva Industries to prepare and submit Teva's ANDA.

24. Upon information and belief, Teva's ANDA Product is a generic copy of EUCRISA®.

25. Upon information and belief, Teva's ANDA refers to and relies upon Anacor's New Drug Application No. 207695 and purports to contain data on the bioequivalence of Teva's ANDA Product to EUCRISA®.

26. By letter to Anacor, dated August 11, 2021 ("Teva's Paragraph IV Notice Letter"), Teva Development stated that Teva's ANDA contained certifications, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that the patents-in-suit "are not valid, unenforceable, or will not be infringed by the commercial manufacture, use, or sale" of Teva's ANDA Product (the "Paragraph IV Certification"). Teva's Paragraph IV Notice Letter included a detailed statement, in which Teva Development purported to allege the factual and legal bases for its Paragraph IV Certification.

27. Teva's Paragraph IV Notice Letter identifies Teva Development as the entity that submitted Teva's ANDA.

28. Upon information and belief, if the FDA approves Teva's ANDA, Defendants will manufacture, distribute, import, offer for sale and/or sell Teva's ANDA Product throughout the United States, including within the State of Delaware.

29. This action is being filed within 45 days of Anacor's receipt of Teva's Paragraph IV Notice Letter.

## JURISDICTION AND VENUE

30. This case arises under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, and this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

31. This Court has personal jurisdiction over Teva Development by virtue of, *inter alia*, its systematic and continuous contacts with the State of Delaware. Upon information and belief, Teva Development is a corporation formed under the laws of the state of Delaware and has appointed a registered agent in Delaware to accept service of process. Teva Development has therefore purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.

32. This Court has personal jurisdiction over Teva Development because of its regular transaction and/or solicitation of business in this State. Upon information and belief, Teva Development is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products. Upon information and belief, Teva Development directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. By continuously placing its products into the stream of commerce for distribution and consumption in the State of Delaware, and throughout the United States, Teva Development has engaged in the regular conduct of business within this judicial district.

33. Upon information and belief, Teva Development submitted Teva's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Teva's ANDA Product in the United States, including in the State of Delaware.

34. Upon information and belief, upon approval of Teva's ANDA, Teva Development will market, distribute, offer for sale, and/or sell Teva's ANDA Product in the United States, including in the State of Delaware.

35. This Court has personal jurisdiction over Teva USA by virtue of, *inter alia*, its systematic and continuous contacts with the State of Delaware. Upon information and belief, Teva USA is a corporation formed under the laws of the state of Delaware and has appointed a registered agent in Delaware to accept service of process. Teva USA has therefore purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.

36. This Court has personal jurisdiction over Teva USA because of its regular transaction and/or solicitation of business in this State. Upon information and belief, Teva USA is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products. Upon information and belief, Teva USA directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. By continuously placing its products into the stream of commerce for distribution and consumption in the State of Delaware, and throughout the United States, Teva USA has engaged in the regular conduct of business within this judicial district.

37. Upon information and belief, upon approval of Teva's ANDA, Teva USA will market, distribute, offer for sale, and/or sell Teva's ANDA Product in the United States, including in the State of Delaware.

38. This Court has personal jurisdiction over Teva Industries because of its regular transaction and/or solicitation of business in this State. Upon information and belief, Teva Industries is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products. Upon information and belief, Teva Industries

directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. By continuously placing its products into the stream of commerce for distribution and consumption in the State of Delaware, and throughout the United States, Teva Industries has engaged in the regular conduct of business within this judicial district.

39. Upon information and belief, upon approval of Teva's ANDA, Teva Industries will market, distribute, offer for sale, and/or sell Teva's ANDA Product in the United States, including in the State of Delaware.

40. Upon information and belief, Teva Development, Teva USA, and Teva Industries are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to Teva's ANDA Product.

41. Upon information and belief, Defendants have previously been sued in this judicial district without challenging personal jurisdiction and have availed themselves of the jurisdiction of this Court by previously asserting counterclaims in this district. *See, e.g.*, *Exelixis, Inc. v. Teva Pharmaceutical Industries Limited et al*, C.A. No. 21-871-RGA, *Biogen Inc. et al v. Teva Pharmaceuticals Development Inc*, C.A. No. 21-389-LPS, *Bayer Pharma AG et al v. Teva Pharmaceuticals USA, Inc.,* C.A. No. 21-1001-RGA*, Vanda Pharmaceuticals Inc. v. Teva Pharmaceuticals USA, Inc.,* C.A. No. 21-121-CFC.

42. Venue is proper in this Court for Teva Development under 28 U.S.C. §§ 1391(b) and 1400(b) because, *inter alia*, Teva Development is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

43. Venue is proper in this Court for Teva USA under 28 U.S.C. §§ 1391(b) and 1400(b) because, *inter alia*, Teva USA is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

44. Venue is proper in this Court for Teva Industries under 28 U.S.C. § 1391(c)(3) because, upon information and belief, Teva Industries is not a resident of the United States and may thus be sued in any judicial district.

## COUNT I
**(Infringement of the '614 Patent)**

45. Plaintiffs reallege, and incorporate fully herein, each preceding paragraph.

46. Defendants have infringed one or more claims of the '614 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting to the FDA and maintaining Teva's ANDA, by which Defendants seek approval from the FDA to sell, offer to sell, use, and/or engage in the commercial manufacture of Teva's ANDA Product prior to the expiration of the '614 patent.

47. Defendants' commercial manufacture, sale, offer for sale, or use of Teva's ANDA Product within the United States, or importation of Teva's ANDA Product into the United States, during the term of the '614 patent would infringe one or more claims of the '614 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

48. Defendants' commercial manufacture, sale, offer for sale, or use of Teva's ANDA Product within the United States, or importation of Teva's ANDA Product into the United States, during the term of the '614 patent would induce and/or contribute to the infringement of one or more claims of the '614 patent under 35 U.S.C. §§ 271(b) and/or (c).

49. Teva's Paragraph IV Notice Letter does not dispute infringement of claims 1-2, 4-6, 8, 11-25, 29, and 31 of the '614 patent.

50. Claim 1 of the '614 patent covers a method of treating an inflammatory-related disease in a human or mammal, comprising administering a therapeutically effective amount of a crisaborole, which is the active ingredient in EUCRISA®.

51. EUCRISA® is approved for the topical treatment of mild to moderate atopic dermatitis in adult and pediatric patients 3 months of age or older.

52. Upon information and belief, the proposed labeling for Teva's ANDA Product directs the use of Teva's ANDA Product for treating mild to moderate atopic dermatitis, which is an inflammatory-related disease in a human or mammal, comprising administering a therapeutically effective amount of a crisaborole.

53. Upon information and belief, Defendants have acted with full knowledge of the '614 patent and without a reasonable basis for believing that they would not be liable for infringement of the '614 patent. Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Teva's ANDA Product with its proposed labeling immediately and imminently upon approval of Teva's ANDA. Upon information and belief, through such activities, Defendants specifically intend infringement of the '614 patent.

54. Upon information and belief, if the FDA approves Teva's ANDA, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '614 patent, and will do so immediately and imminently upon approval.

55. Upon information and belief, Defendants know that Teva's ANDA Product is especially made or adapted for use in infringing the '614 patent, and that Teva's ANDA Product is not suitable for any substantial non-infringing use. Upon information and belief, Defendants plan and intend to, and will, contribute to infringement of the '614 patent immediately and imminently upon approval of Teva's ANDA.

56. Plaintiffs will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '614 patent.

57. Plaintiffs have no adequate remedy at law.

58. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT II
### (Declaratory Judgment of Infringement of the '614 Patent)

59. Plaintiffs reallege, and incorporate fully herein, each preceding paragraph.

60. There is a substantial and immediate controversy between Plaintiffs and Teva concerning the '614 patent. Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Teva will infringe, actively induce infringement of, and/or contribute to the infringement of the '614 patent upon approval of Teva's ANDA.

61. Defendants' commercial manufacture, sale, offer for sale, or use of Teva's ANDA Product within the United States, or importation of Teva's ANDA Product into the United States, during the term of the '614 patent would infringe one or more claims of the '614 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

62. Defendants' commercial manufacture, sale, offer for sale, or use of Teva's ANDA Product within the United States, or importation of Teva's ANDA Product into the United States, during the term of the '614 patent would induce and/or contribute to the infringement of one or more claims of the '614 patent under 35 U.S.C. §§ 271(b) and/or (c).

63. Teva's Paragraph IV Notice Letter does not dispute infringement of claims 1-2, 4-6, 8, 11-25, 29, and 31 of the '614 patent.

64. Claim 1 of the '614 patent covers a method of treating an inflammatory-related disease in a human or mammal, comprising administering a therapeutically effective amount of a crisaborole, which is the active ingredient in EUCRISA®.

65. EUCRISA® is approved for the topical treatment of mild to moderate atopic dermatitis in adult and pediatric patients 3 months of age or older.

66. Upon information and belief, the proposed labeling for Teva's ANDA Product directs the use of Teva's ANDA Product for treating mild to moderate atopic dermatitis, which is an inflammatory-related disease in a human or mammal, comprising administering a therapeutically effective amount of a crisaborole.

67. Upon information and belief, Defendants have acted with full knowledge of the '614 patent and without a reasonable basis for believing that they would not be liable for infringement of the '614 patent. Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Teva's ANDA Product with its proposed labeling immediately and imminently upon approval of Teva's ANDA. Upon information and belief, through such activities, Defendants specifically intend infringement of the '614 patent.

68. Upon information and belief, if the FDA approves Teva's ANDA, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '614 patent, and will do so immediately and imminently upon approval.

69. Upon information and belief, Defendants know that Teva's ANDA Product is especially made or adapted for use in infringing the '614 patent, and that Teva's ANDA Product is not suitable for any substantial non-infringing use. Upon information and belief, Defendants plan and intend to, and will, contribute to infringement of the '614 patent immediately and imminently upon approval of Teva's ANDA.

70. Plaintiffs will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '614 patent.

71. Plaintiffs have no adequate remedy at law.

72. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

73. The Court should declare that the commercial manufacture, use, sale, offer for sale and/or importation of Teva's ANDA Product with its proposed labeling will infringe the '614 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

**COUNT III**
**(Infringement of the '712 Patent)**

74.     Plaintiffs reallege, and incorporate fully herein, each preceding paragraph.

75.     Defendants have infringed one or more claims of the '712 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting to the FDA and maintaining Teva's ANDA, by which Defendants seek approval from the FDA to sell, offer to sell, use, and/or engage in the commercial manufacture of Teva's ANDA Product prior to the expiration of the '712 patent.

76.     Defendants' commercial manufacture, sale, offer for sale, or use of Teva's ANDA Product within the United States, or importation of Teva's ANDA Product into the United States, during the term of the '712 patent would infringe one or more claims of the '712 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

77.     Defendants' commercial manufacture, sale, offer for sale, or use of Teva's ANDA Product within the United States, or importation of Teva's ANDA Product into the United States, during the term of the '712 patent would induce and/or contribute to the infringement of one or more claims of the '712 patent under 35 U.S.C. §§ 271(b) and/or (c).

78.     Teva's Paragraph IV Notice Letter does not dispute infringement of claims 1-4, 7, and 9 of the '712 patent.

79.     Claim 1 of the '712 patent covers a method of treating an inflammatory-related disease in a human or mammal, comprising administering a therapeutically effective amount of a crisaborole, which is the active ingredient in EUCRISA®.

80.     EUCRISA® is approved for the topical treatment of mild to moderate atopic dermatitis in adult and pediatric patients 3 months of age or older.

81.     Upon information and belief, the proposed labeling for Teva's ANDA Product directs the use of Teva's ANDA Product for treating mild to moderate atopic dermatitis, which is an inflammatory-related disease in a human or mammal, comprising administering a therapeutically effective amount of a crisaborole.

82. Upon information and belief, Defendants have acted with full knowledge of the '712 patent and without a reasonable basis for believing that they would not be liable for infringement of the '712 patent. Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Teva's ANDA Product with its proposed labeling immediately and imminently upon approval of Teva's ANDA. Upon information and belief, through such activities, Defendants specifically intend infringement of the '712 patent.

83. Upon information and belief, if the FDA approves Teva's ANDA, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '712 patent, and will do so immediately and imminently upon approval.

84. Upon information and belief, Defendants know that Teva's ANDA Product is especially made or adapted for use in infringing the '712 patent, and that Teva's ANDA Product is not suitable for any substantial non-infringing use. Upon information and belief, Defendants plan and intend to, and will, contribute to infringement of the '712 patent immediately and imminently upon approval of Teva's ANDA.

85. Plaintiffs will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '712 patent.

86. Plaintiffs have no adequate remedy at law.

87. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT IV
**(Declaratory Judgment of Infringement of the '712 Patent)**

88. Plaintiffs reallege, and incorporate fully herein, each preceding paragraph.

89. There is a substantial and immediate controversy between Plaintiffs and Teva concerning the '712 patent. Plaintiffs are entitled to a declaratory judgment under 28 U.S.C.

§§ 2201 and 2202 that Teva will infringe, actively induce infringement of, and/or contribute to the infringement of the '712 patent upon approval of Teva's ANDA.

90. Defendants' commercial manufacture, sale, offer for sale, or use of Teva's ANDA Product within the United States, or importation of Teva's ANDA Product into the United States, during the term of the '712 patent would infringe one or more claims of the '712 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

91. Defendants' commercial manufacture, sale, offer for sale, or use of Teva's ANDA Product within the United States, or importation of Teva's ANDA Product into the United States, during the term of the '712 patent would induce and/or contribute to the infringement of one or more claims of the '712 patent under 35 U.S.C. §§ 271(b) and/or (c).

92. Teva's Paragraph IV Notice Letter does not dispute infringement of claims 1-4, 7, and 9 of the '712 patent.

93. Claim 1 of the '712 patent covers a method of treating an inflammatory-related disease in a human or mammal, comprising administering a therapeutically effective amount of a crisaborole, which is the active ingredient in EUCRISA®.

94. EUCRISA® is approved for the topical treatment of mild to moderate atopic dermatitis in adult and pediatric patients 3 months of age or older.

95. Upon information and belief, the proposed labeling for Teva's ANDA Product directs the use of Teva's ANDA Product for treating mild to moderate atopic dermatitis, which is an inflammatory-related disease in a human or mammal, comprising administering a therapeutically effective amount of a crisaborole.

96. Upon information and belief, Defendants have acted with full knowledge of the '712 patent and without a reasonable basis for believing that they would not be liable for infringement of the '712 patent. Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale,

marketing, distribution and/or importation of Teva's ANDA Product with its proposed labeling immediately and imminently upon approval of Teva's ANDA. Upon information and belief, through such activities, Defendants specifically intend infringement of the '712 patent.

97. Upon information and belief, if the FDA approves Teva's ANDA, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '712 patent, and will do so immediately and imminently upon approval.

98. Upon information and belief, Defendants know that Teva's ANDA Product is especially made or adapted for use in infringing the '712 patent, and that Teva's ANDA Product is not suitable for any substantial non-infringing use. Upon information and belief, Defendants plan and intend to, and will, contribute to infringement of the '712 patent immediately and imminently upon approval of Teva's ANDA.

99. Plaintiffs will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '712 patent.

100. Plaintiffs have no adequate remedy at law.

101. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

102. The Court should declare that the commercial manufacture, use, sale, offer for sale and/or importation of Teva's ANDA Product with its proposed labeling will infringe the '712 patent under at least 35 U.S.C. §§ 271(a), (b), and/or (c).

### COUNT V
### (Infringement of the '092 Patent)

103. Plaintiffs reallege, and incorporate fully herein, each preceding paragraph.

104. Defendants have infringed one or more claims of the '092 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting to the FDA and maintaining Teva's ANDA, by which Defendants seek approval from the FDA to sell, offer to sell, use, and/or engage in the commercial manufacture of Teva's ANDA Product prior to the expiration of the '092 patent.

105. Defendants' commercial manufacture, sale, offer for sale, or use of Teva's ANDA Product within the United States, or importation of Teva's ANDA Product into the United States, during the term of the '092 patent would infringe one or more claims of the '092 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

106. Defendants' commercial manufacture, sale, offer for sale, or use of Teva's ANDA Product within the United States, or importation of Teva's ANDA Product into the United States, during the term of the '092 patent would induce and/or contribute to the infringement of one or more claims of the '092 patent under 35 U.S.C. §§ 271(b) and/or (c).

107. Teva's Paragraph IV Notice Letter does not dispute infringement of claims 1-7, 12, 14, 16, and 19-26 of the '092 patent.

108. Claim 1 of the '092 patent covers a method of treating an inflammatory-related disease in a human or mammal, comprising administering a therapeutically effective amount of a crisaborole, which is the active ingredient in EUCRISA®.

109. EUCRISA® is approved for the topical treatment of mild to moderate atopic dermatitis in adult and pediatric patients 3 months of age or older.

110. Upon information and belief, the proposed labeling for Teva's ANDA Product directs the use of Teva's ANDA Product for treating mild to moderate atopic dermatitis, which is an inflammatory-related disease in a human or mammal, comprising administering a therapeutically effective amount of a crisaborole.

111. Upon information and belief, Defendants have acted with full knowledge of the '092 patent and without a reasonable basis for believing that they would not be liable for infringement of the '092 patent. Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Teva's ANDA Product with its proposed labeling

immediately and imminently upon approval of Teva's ANDA. Upon information and belief, through such activities, Defendants specifically intend infringement of the '092 patent.

112. Upon information and belief, if the FDA approves Teva's ANDA, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '092 patent, and will do so immediately and imminently upon approval.

113. Upon information and belief, Defendants know that Teva's ANDA Product is especially made or adapted for use in infringing the '092 patent, and that Teva's ANDA Product is not suitable for any substantial non-infringing use. Upon information and belief, Defendants plan and intend to, and will, contribute to infringement of the '092 patent immediately and imminently upon approval of Teva's ANDA.

114. Plaintiffs will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '092 patent.

115. Plaintiffs have no adequate remedy at law.

116. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT VI
### (Declaratory Judgment of Infringement of the '092 Patent)

117. Plaintiffs reallege, and incorporate fully herein, each preceding paragraph.

118. There is a substantial and immediate controversy between Plaintiffs and Teva concerning the '092 patent. Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Teva will infringe, actively induce infringement of, and/or contribute to the infringement of the '092 patent upon approval of Teva's ANDA.

119. Defendants' commercial manufacture, sale, offer for sale, or use of Teva's ANDA Product within the United States, or importation of Teva's ANDA Product into the United States, during the term of the '092 patent would infringe one or more claims of the '092 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

120. Defendants' commercial manufacture, sale, offer for sale, or use of Teva's ANDA Product within the United States, or importation of Teva's ANDA Product into the United States, during the term of the '092 patent would induce and/or contribute to the infringement of one or more claims of the '092 patent under 35 U.S.C. §§ 271(b) and/or (c).

121. Teva's Paragraph IV Notice Letter does not dispute infringement of claims 1-7, 12, 14, 16, and 19-26 of the '092 patent.

122. Claim 1 of the '092 patent covers a method of treating an inflammatory-related disease in a human or mammal, comprising administering a therapeutically effective amount of a crisaborole, which is the active ingredient in EUCRISA®.

123. EUCRISA® is approved for the topical treatment of mild to moderate atopic dermatitis in adult and pediatric patients 3 months of age or older.

124. Upon information and belief, the proposed labeling for Teva's ANDA Product directs the use of Teva's ANDA Product for treating mild to moderate atopic dermatitis, which is an inflammatory-related disease in a human or mammal, comprising administering a therapeutically effective amount of a crisaborole.

125. Upon information and belief, Defendants have acted with full knowledge of the '092 patent and without a reasonable basis for believing that they would not be liable for infringement of the '092 patent. Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Teva's ANDA Product with its proposed labeling immediately and imminently upon approval of Teva's ANDA. Upon information and belief, through such activities, Defendants specifically intend infringement of the '092 patent.

126. Upon information and belief, if the FDA approves Teva's ANDA, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '092 patent, and will do so immediately and imminently upon approval.

127. Upon information and belief, Defendants know that Teva's ANDA Product is especially made or adapted for use in infringing the '092 patent, and that Teva's ANDA Product is not suitable for any substantial non-infringing use. Upon information and belief, Defendants plan and intend to, and will, contribute to infringement of the '092 patent immediately and imminently upon approval of Teva's ANDA.

128. Plaintiffs will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '092 patent.

129. Plaintiffs have no adequate remedy at law.

130. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

131. The Court should declare that the commercial manufacture, use, sale, offer for sale and/or importation of Teva's ANDA Product with its proposed labeling will infringe the '092 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for a judgment in its favor and against Defendants and respectfully requests the following relief:

A. A judgment that Defendants have infringed the patents-in-suit pursuant to 35 U.S.C. § 271(e)(2)(A) by submitting to the FDA and maintaining ANDA No. 215914;

B. An order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of approval of ANDA No. 215914 shall be a date not earlier than the expiration of the patents-in-suit, or any later expiration of exclusivity to which Anacor is or becomes entitled;

C. A judgment declaring that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Teva's ANDA Product will directly infringe, induce and/or contribute to infringement of the patents-in-suit;

D.  A judgment pursuant to 35 U.S.C. § 271(e)(4)(B) preliminarily and permanently enjoining Defendants, their officers, agents, servants, and employees, and those persons acting in privity or concert with them, from manufacturing, using, offering to sell, or selling Teva's ANDA Product within the United States, or importing Teva's ANDA Product into the United States, prior to the expiration of the patents-in-suit, or any later expiration of exclusivity to which Anacor is or becomes entitled;

E.  If Defendants commercially manufacture, use, offer to sell, or sell Teva's ANDA Product within the United States, or import Teva's ANDA Product into the United States, prior to the expiration of the patents-in-suit, including any extensions, a judgment awarding damages to Plaintiffs resulting from such infringement, together with interest;

F.  A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiffs their attorneys' fees incurred in this action;

G.  A judgment awarding Plaintiffs costs and expenses incurred in this action; and

H.  Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Dimitrios T. Drivas
John Scheibeler
Amit Thakore
C. Sebastian Zonte
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY  10020
(212) 819-8200

Elizabeth Chang
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA  90071
(213) 620-7700

September 24, 2021

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs*